NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-27

COMMONWEALTH

vs.

CHRISTOPHER L. KENNELLY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Christopher L. Kennelly, appeals from a District Court judge's orders denying his petitions for expungement.  He argues that the hearing judge abused her discretion in denying his petitions for expungement and that his testimony, and therefore the entire proceeding, was invalid because he was not sworn under oath.  We affirm.

Background.  We summarize the relevant procedural history. The defendant's petitions for expungement concern three separate cases.  In 1998, the defendant was charged with operating a motor vehicle with a suspended license; operating a motor vehicle without his license in his possession; and speeding.  He was found responsible on the operating without a license charge and the other two charges were dismissed on payment of a fine. In 2000, the defendant was charged with operating a motor

vehicle with a suspended license and speeding.  The operating with a suspended license charge was dismissed on payment of court costs and he was found not responsible on the speeding charge.  In 2006, the defendant was charged with "shoplifting by container switching."  He provided a voluntary and signed statement to the police admitting guilt and the shoplifting charge was dismissed on payment of court costs.

On September 23, 2022, the defendant sought expungement of the charges from the 1998, 2000, and 2006 cases in separate petitions filed pursuant to G. L. c. 276, § 100K.  For the petitions related to the 1998 case and the 2000 case, the defendant alleged "[e]rrors by law enforcement" and stated that "[m]y license was not suspended, the court agreed and the charge was dismissed."  For the petition related to the 2006 case, the defendant alleged "[e]rrors by civilian or expert witness(es)" and stated, "I informed the officer I did not switch containers. I was still charged, and after the court reviewed they agreed I did not switch containers and I was not convicted."  The defendant signed the 1998 and 2006 petitions under the pains and penalties of perjury and did not submit any supporting documentation with the three petitions.[1]

---

[1] Although the petition filed in the 2000 case is unsigned, the judge considered the information contained therein which was the same as the information in the signed petition filed in the 1998 case.

At a hearing on October 24, 2022, the defendant provided argument, but did not make any statements to the court under oath. He argued that his motor vehicle charges should be expunged because they were the product of a "computer system issue." As to the shoplifting charge, he argued that the police were mistaken when they identified him on video footage as the individual shoplifting.

During the hearing, the judge asked the defendant whether it was his signature on a written statement given to a detective in relation to the shoplifting charge. The judge asked the clerk whether the defendant had been sworn. The clerk stated that he would swear the defendant in, after which the defendant responded, "I wasn't sworn in. So let me read this." The clerk asked the defendant, "[D]o you swear to tell the truth and nothing but the truth so help you God?" The defendant did not answer the clerk and instead stated, "I wasn't sworn in so I'll read this. That looks like my signature, yes."

The judge denied all three petitions, stating that the record did not support the defendant's testimony regarding the computer system issue. The judge also explained that the written statement by the defendant to the detective in relation to the shoplifting charge contradicted the defendant's allegations of mistaken identification. The defendant filed timely notices of appeal on all three petitions.

3

Discussion.  There are two pathways to expungement:  "time-based expungement" and "reason-based expungement."  Matter of Expungement, 489 Mass. 67, 69 (2022).  The defendant's arguments in the District Court were solely related to "reason-based expungement."  A judge has the discretion to order the expungement of a criminal record if the court determines, based on clear and convincing evidence, that the record was created as a result of "demonstrable errors by [a] civilian . . . witness[]," and if expungement is "in the best interests of justice."  G. L. c. 276, § 100K (a), (b).

> "[A] judge ordering expungement under this statute must employ a two-part procedure.  First, the judge must make findings based on clear and convincing evidence that the relevant criminal record was created because of one or more of the reasons listed in G. L. c. 276, § 100K (a).  Second -- and only after making such findings -- a judge may consider whether expungement would be 'in the best interests of justice.'"

Matter of Expungement, 489 Mass. at 68.  "In reviewing a decision on a motion to expunge, we consider whether the judge abused his or her discretion."  Commonwealth v. K.W., 490 Mass. 619, 624 (2022).

In deciding whether to allow the petitions for expungement, the judge was permitted to make factual findings, which necessitated making determinations regarding the credibility of the evidence.  We accordingly see no abuse of discretion in not

4

crediting the defendant's statements.[2]  Without any other credible evidence offered by the defendant, it was also proper for the judge to conclude that the defendant had not satisfied his threshold requirement of providing clear and convincing evidence that the relevant criminal record was created because of one or more of the reasons listed in G. L. c. 276, § 100K (a).

Regarding the 2006 shoplifting case, the defendant argues that the expungement hearing should be declared invalid because the "testimony" at the hearing was not taken under oath.  See generally Mass. G. Evid. § 603 (2023) ("Before testifying, a witness must give an oath or affirmation to testify truthfully").  The clerk attempted to swear the defendant in, yet he would not give an oath or affirmation that he would testify truthfully.  It was the defendant's burden to present clear and convincing evidence and because he willfully refused to be sworn in, he in fact provided no sworn evidence at the hearing at all; his unsworn statements could properly have been struck.  He therefore suffered no prejudice from the judge's

---

[2] The defendant also claims that the judge's order is invalid because it incorrectly cites "petitioner's misrepresentation on docket [no.] 0657CR2402," which he correctly states he is not a party to.  The context makes clear that the judge was referring to the 2006 shoplifting case and the error made by the judge, who appears to have utilized the last four digits of the 1998 case rather than the 2006 case, was simply a scrivener's error.

consideration of his unsworn statements at trial.  In any event, the judge was allowed to, and did, consider the statements made by the defendant under the pains and penalties of perjury in his applications for expungement, which, although quite brief, are substantially the same as the arguments made by him during the hearing.  Accordingly, we affirm.

<u>Orders dated October 24, 2022, denying petitions for expungement affirmed</u>.

By the Court (Rubin, Neyman & Walsh, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  November 15, 2023.

---

[3] The panelists are listed in order of seniority.